Dear Senator Hinton:
You have asked us to address the legality of a meeting of the Slidell City Council to be conducted in executive session on October 25, 1994. You advise that the meeting has been called to discuss the "character and professional competence" of Councilman Bradley Smith, pursuant to correspondence sent to Councilman Smith, attached, which provides the following:
 As President of the Council, I am hereby notifying you that pursuant to Louisiana Revised Statutes 42:6 an Executive Session is scheduled for the Slidell City Council meeting of October 25, 1994, to discuss your character and professional competence. Accordingly, you have the right for the discussion to be held in an open meeting or privately in Executive Session.
A public body may hold an executive session pursuant to LSA-R.S.42:6 for the "discussion of the character, [and] professional competence. . ." of a person, provided "that such person is notified in writing at least twenty-four hours before the meeting". LSA-R.S. 42:6.1(A). Presumably, Councilman Smith has received such notice, as the correspondence attached is dated October 21, 1994.
However, the validity of such an executive session is predicated on the assumption that such a meeting is called in accordance with LSA-R.S. 42:6 and LSA-R.S. 42:7, which provide, respectively:
 A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two-thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reason for holding such an executive session shall be recorded and entered into the minutes of the meeting. Nothing in this Section or R.S. 42:6.1 shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of R.S. 42:4.1 through R.S. 42:8.
 * * * * *
 A. (1)(a) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of their regular meetings if established by law, resolution, or ordinance, at the beginning of each calendar year. Such notice shall include the dates, times, and places of such meetings.
 (b)(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
 (ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.
 (iii) Following the above information there shall also be attached to the written public notice of the meeting, whether or not such matters will be discussed in an executive session held pursuant to R.S. 42:6.1(A)(2):
 (aa) A statement identifying the court, case number, and the parties relative to any pending litigation to be considered at the meeting.
 (bb) A statement identifying the parties involved and reasonably identifying the subject matter of any prospective litigation for which formal written demand has been made that is to be considered at the meeting.
 (iv) In cases of extraordinary emergency, such notice shall not be required; however, the public body shall give such notice of the meeting as it deems appropriate and circumstances permit.
 (2) Written public notice given by all public bodies, except the legislature and its committees and subcommittees, shall include, but need not to be limited to:
 (a) Posting a copy of the notice to at the principal office of the public body holding the meeting, or if no such office exists, at the building in which the meeting is to be held; or by publication of the notice in an official journal of the public body no less than twenty-four hours before the meeting.
 (b) Mailing a copy of the notice to any member of the news media who requests notice of such meetings; any such member of the news media shall be given notice of all meetings in the same manner as is given to members of the public body. (Emphasis added).
Any action taken in violation of LSA-R.S. 42:4.1 through LSA-R.S.42:8 shall be voidable by a court of competent jurisdiction. LSA-R.S. 42:9. Penalties for a member of a public body who participates in a meeting in violation of these provisions are provided in LSA-R.S. 42:13:
 Any member of a public body who knowingly and willfully participates in a meeting conducted in violation of R.S. 42:4.1 through R.S. 42:8, shall be subject to a civil penalty not to exceed one hundred dollars per violation. The member shall be personally liable for the payment of such penalty. A suit to collect such penalty must be instituted within sixty days of the violation.
As we have only been provided a copy of the correspondence to Councilman Smith, attached, we can make no determination as to whether the acts of the Council are in fact in accordance with LSA-R.S. 42:6 and LSA-R.S. 42:7, quoted herein. The district attorney may institute enforcement proceedings of the Open Meetings Law and may seek a judgment rendering the Council's actions void, as the circumstances may necessitate. LSA-R.S.42:10(B); LSA-R.S. 42:11(A).
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Honorable Gerry Hinton Senator 2549 Carey Slidell, Louisiana 70458
Date Received: October 25, 1994
Date Released: October 25, 1994
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL